UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION




| | | |
|---|---|---|
| DAN NEWELL, | : | 16-cv-4089-___ |
| Plaintiff, | : | |
| v. | : | PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |
| STATE AUTO INSURANCE COMPANIES, | : | |
| Defendant. | : | |

Plaintiff Dan Newell, for his Complaint against State Auto Insurance Companies, states and alleges as follows:

**Parties**

1. Plaintiff Dan Newell ("Newell") is, and all relative times was, a resident of Sioux Falls, Lincoln County, South Dakota.

2. Defendant State Auto Insurance Companies ("State Auto"), is a Company organized outside the State of South Dakota, with its principal place of business in Columbus, Ohio.

**Jurisdiction and Venue**

3. This Court has jurisdiction under 28 § U.S.C. 1332, diversity of citizenship.

4. The damages at issue exceed $75,000.

**Statement of the Facts**

5. Newell purchased a policy of homeowner's insurance from State Auto, which was in effect before and after June 2014.

6. In June 2014, Newell's home was damaged during a hailstorm that went through the Sioux Falls region.

7. The hailstorm caused visible and extensive damage to Newell's home.

8. Hail damage is a covered cause of loss under the insurance policy sold by State Auto to Newell.

9. At least $52,000 was needed to properly repair the hail damage to Newell's home.

10. Newell timely submitted a claim to State Auto for the hail damage to Newell's home.

11. Ryan Van Gilder was, at all relevant times, an authorized agent of State Auto.

12. In an April 14, 2015 report by Ryan Van Gilder, it was claimed that Newell's home was inspected on or about April 8, 2015.

13. Ryan Van Gilder's April 14, 2015 report listed $5,759.55 as the appropriate amount to repair the damage to Newell's home.

14. $5,759.55 was not a sufficient amount to properly repair the hail damage to Newell's home.

15. State Auto, through Ryan Van Gilder, knew or recklessly disregarded the fact that $5,759.55 was not a sufficient amount to properly repair the hail damage to Newell's home.

16. State Auto had a duty to perform a reasonable investigation of Newell's claim.

17. Part of each premium State Auto charges includes a portion for the expenses required to properly investigate claims.

18. A reasonable investigation requires the insurer to look for reasons to pay, and not just reasons not to pay.

19. In evaluating Newell's claim, State Auto had a duty to give just as much consideration to his interests as it gave to its own interests.

20. State Auto had a duty to assist Newell with identifying facts that support a payment that was sufficient to fix Newell's home.

21. State Auto had a duty to inform Newell of any information obtained during the investigation of Newell's claim regardless of whether the information would result in an increase or decrease of the amount needed to fully fix Newell's home.

22. State Auto could not eliminate its duty of good faith and fair dealing by delegating its duty to an agent.

23. State Auto is responsible for the investigation and evaluation of Newell's claim by its agents.

24. State Auto's purported investigation on April 8, 2015, was not a reasonable investigation of Newell's claim.

25. State Auto knew or recklessly disregarded that the April 8, 2015 investigation and conclusions of were biased in favor of State Auto.

26. State Auto had no reasonable basis to believe that $5,759.55 was sufficient to repair the damage to Newell's home.

27. If State Auto would have performed a reasonable investigation and/or evaluation of Newell's claim, it would have known that $5,759.55 was not sufficient to repair the damage to Newell's home.

28. State Auto has a pattern and practice of denying and delaying the full payment of benefits owed under its insurance policies that cover property damage.

29. Ryan Van Gilder, as trained by State Auto, has repeatedly denied and delayed the full payment of benefits owed under State Auto's insurance policies that cover property damage.

30. Newell disputed State Auto's conclusion that $5,759.55 would adequately repair the damage to his home.

31. As part of State Auto's pattern and practice of denying and delaying the full payment of benefits owed under its insurance polices that cover property damage, State Auto retained

Robert Danielson at Haag Engineering to "reinspect" Newell's home after Newell disputed State Auto's conclusion.

32. State Auto retained Haag Engineering, including Robert Danielson, to "reinspect" State Auto's insureds' homes because State Auto knew or recklessly disregarded the fact that Haag Engineering, including Robert Danielson, purposefully or recklessly minimizes the extent of the property damage in State Auto's favor and against the insureds.

33. Newell informed State Auto that based on the inspection of his roof by an experienced local contractor, the roof needed to be replaced in order to properly fix the damage caused by the hailstorm.

34. State Auto refused to consider the additional information provided by the experienced local contractor.

35. Rather than consider the additional information provided by the experienced local contractor, State Auto relied on the "reinspection" by Robert Danielson.

36. On other occasions, Robert Danielson has performed "reinspections" on behalf of State Auto where he purposefully or recklessly minimized the extent of the property damage in State Auto's favor and against State Auto's insureds.

37. State Auto knew or recklessly disregarded that Robert Danielson's "reinspection" purposefully or recklessly minimized the extent of the property damage in State Auto's favor and against Newell.

38. State Auto's claims handling process as described in this Complaint is designed to delay paying its insureds, including Newell, the full amount owed under State Auto's insurance policies with its insureds.

39. State Auto's claims handling process as described in this Complaint is designed to deny paying its insureds, including Newell, the full amount owed under State Auto's insurance policies with its insureds..

40. As a result of State Auto's claims handling process as described in this Complaint, Newell has been damaged as follows:

a. Newell has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor.
b. Newell experienced aggravation, fear, annoyance, frustration, distress, mental and emotional pain and suffering, and inconvenience due to the wrongful denial of his claim.
c. Newell was forced to retain a lawyer at his personal expense.

**Count I**
**(*Breach of Contract*)**

41. Newell realleges and restates paragraphs 1-40 of this Complaint and incorporates them by reference as if fully set forth herein.

42. State Auto has breached the contract of insurance with Newell by failing to timely pay the full amount of benefits owed under the policy.

**Count II**
**(*Bad Faith*)**

43. Newell realleges and restates paragraphs 1-42 of this Complaint and incorporates them by reference as if fully set forth herein.

44. State Auto intentionally or recklessly utilized a claims handling process designed to maximize its profits at its insureds' expense.

45. State Auto intentionally or recklessly utilized a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

46. State Auto intentionally or recklessly utilized a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.





**Count III**
***(Punitive Damages)***

47. Newell realleges and restates paragraphs 1-46 of this Complaint and incorporates them by reference as if fully set forth herein.

48. State Auto acted with oppression, fraud, and/or malice, and punitive damages are necessary and appropriate in order to punish and deter State Auto from continuing with its improper claims handling practices.

**Count IV**
***(Vexatious Refusal to Pay)***

49. Newell realleges and restates paragraphs 1-48 of this Complaint and incorporates them by reference as if fully set forth herein.

50. State Auto unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award Plaintiff's reasonable attorney's fees as authorized under SDCL § 58-12-3.

**Request for Relief**

Newell requests that this Court:

1. Enter judgment in Newell's favor.

2. Award Newell damages plus prejudgment interest thereon.

3. Award Newell attorneys' fees and costs as allowed by law.

4. Grant such other further relief as this Court deems just and proper.

**Demand for Jury Trial**

Newell demands a trial by jury on all issues of fact.

Dated this 21st day of June, 2016.

FULLER & WILLIAMSON, LLP

Eric T. Preheim
Derek A. Nelsen
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
epreheim@fullerandwilliamson.com
dnelsen@fullerandwilliamson.com
*Attorneys for Plaintiff Dan Newell*